```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

KAUWAN EASON,                    :
                                 :
     Petitioner,                 :
                                 :
V.                               :    Case No.  3:10-CV-2021(RNC)
                                 :
UNITED STATES OF AMERICA,        :
                                 :
     Respondent.                 :

## RULING AND ORDER

In June 2006, petitioner was sentenced to incarceration for 96 months for possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  He now moves pursuant to 28 U.S.C. § 2255 to vacate his sentence based on ineffective assistance of counsel.  He alleges that he asked his lawyer to appeal the sentence on the ground that it was imposed in violation of the Equal Protection Clause because other defendants received less time.  He further alleges that he was under the impression an appeal had been filed.  For the reasons stated below, the motion is denied.

Petitioner's motion to vacate his sentence is time-barred.  Under 28 U.S.C. § 2255(f), such a motion must be filed within one year after the judgment becomes final.  In this case, the judgment became final on or about July 25, 2007.  Petitioner did not file his motion until December 22, 2010, more than two years after the filing deadline.  Petitioner alleges no extraordinary circumstances justifying equitable tolling.  See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Plaintiff's motion also fails on the merits.  Claims for ineffective assistance of counsel are evaluated under the demanding two-prong test of Strickland v. Washington, 466 U.S. 668 (1984).  A defendant must first show that his attorney's representation "fell below an objective standard of reasonableness."  Id. at 688.  Second, he must show that had his counsel not erred, the result of the proceeding would have been different.  Id. at 690, 694.  Here, neither showing can be made.  When petitioner pleaded guilty, he waived his right to appeal if the sentence did not exceed 115 months.  He does not challenge the validity of the plea agreement or the waiver; therefore, it was reasonable for his counsel to refrain from filing an appeal.  In addition, a waiver of the right to appeal a sentence typically is enforceable.  U.S. v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999).  As a result, petitioner cannot show that the outcome would have been different had his attorney appealed.

For the foregoing reasons, the motion is hereby denied and the action is dismissed.  No certificate of appealability will issue because petitioner has not made a substantial showing of a denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

So ordered this 22nd day of December 2011.

/s/ RNC
Robert N. Chatigny
United States District Judge